IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UHURU'SEKOU KAMARA AJANI
OBATAIYE-ALLAH,

    Plaintiff,

v.

T. BOWSER, et al.,

    Defendants.

Case No. 2:19-cv-00428-JR

ORDER TO DISMISS

HERNÁNDEZ, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, the Court granted plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the Court DISMISSES plaintiff's Complaint.

## **BACKGROUND**

Plaintiff alleges that defendants violated his rights by confiscating, damaging, and refusing to return to plaintiff certain items of personal property. Plaintiff alleges defendants did so in

1 - ORDER TO DISMISS

retaliation for plaintiff's involvement in assaults against prison staff. Plaintiff alleges defendants' actions violated plaintiff's due process and equal protections rights, and that they constitute deliberate indifference and unlawful retaliation. Plaintiff also alleges supplemental state law claims. By way of remedy, plaintiff seeks declaratory and injunctive relief, as well as money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

2 - ORDER TO DISMISS

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonald, 418 U.S. 539, 556 (1974). Moreover, prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). The procedural component of the Due Process Clause is not, however, violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, plaintiff alleges defendants were responsible for returning his personal property and that the property was either lost or damaged. Plaintiff does not have a due process claim based on defendants' purportedly unauthorized deprivation of his personal property – whether intentional or negligent – because a meaningful state post-deprivation remedy for his loss is available. See Osborne v. Williams, Case No. CV. 09-1420-PA, 2010 WL 11537608, at *1 (D. Or. Jan. 12, 2010) (Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act) (citing Or. Rev. Stat. § 30.260 *et seq.*); Patton v. Thomas, Case No. CV. 10-1333-MO, 2011 WL 837149, at *2 (D. Or. Mar. 3, 2011) (same). As a result, plaintiff fails to state a claim of deprivation of his due process rights upon which relief may be granted.

To the extent plaintiff alleges that defendants retaliated against him, the five basic elements of a "viable claim of First Amendment retaliation" in the prison context are: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). A plaintiff need not prove that the alleged retaliatory action, in

3 - ORDER TO DISMISS

itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). However, the plaintiff does have the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Mere allegations of retaliatory motive or conduct will not suffice; a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights. Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Here, plaintiff does not allege facts establishing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' alleged retaliatory conduct. To the contrary, plaintiff alleges defendants actions were spurred by plaintiff's involvement in assaults on correctional officials. Accordingly, plaintiff does not state a First Amendment retaliation claim upon which relief may be granted.

Plaintiff also fails to allege facts establishing a claim of discrimination. An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against him on the basis of his membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Second, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Here, plaintiff does not allege facts establishing a claim under either theory.

Plaintiff's claim of "deliberate indifference" likewise lacks the necessary facts. The Eighth Amendment affords prisoners protection against the "wanton and unnecessary infliction of physical pain," as well as against exposure to egregious physical conditions that deprive them of basic human

needs. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. Plaintiff's allegations of lost and damaged personal property do not impinge on a constitutionally protected basic human need and do not rise to the level of cruel and unusual punishment.

Finally, plaintiff alleges claims that defendants violated his rights under state law. Although this Court may exercise supplemental jurisdiction of state law claims, a plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the Court fails to find any cognizable federal claims plaintiff's Complaint. Accordingly, plaintiff's state law claims fail.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

Because the Court does not find extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 7).

/ / / / /

/ / / / /

/ / / / /

The Court DENIES plaintiff's Motion for Leave to File Supplemental Complaint (ECF No. 9) without prejudice to include the items described in his motion in a properly pleaded Amended Complaint.

IT IS SO ORDERED.

DATED this 21 day of May, 2019.

*Marco A. Hernández*
Marco A. Hernández
United States District Judge